THE STATE OF OHIO, APPELLEE, *v.* BURGINS, APPELLANT.

(No. 1418—Decided November 3, 1988.)

*Richard Ward,* prosecuting attorney, and *Scott W. Nusbaum,* for appellee.

*Rita S. Fuchsman,* for appellant.

GREY, P.J. This is an appeal from the Ross County Court of Common Pleas. Defendant-appellant, John Burgins, was convicted of the theft of two cameras from a drug store. He appeals, designating one assignment of error:

"Appellant was denied the effective assistance of counsel as a result of his trial counsel's statements to the jury concerning appellant's guilt and counsel's [indication of his] disbelief of his testimony."

The facts are essentially not disputed. Burgins was noticed by two employees of Super X Drugs who were suspicious of his behavior. Burgins put two 35mm cameras in a shopping cart. Later, he took them out of the cart, put them under his coat, and walked out of the store. Mr. Martinko, the pharmacist, followed after the defendant and asked him to return to the store.

Burgins refused and kept walking away. Martinko followed until Burgins went down an alley by the Kroger store. Martinko decided not to follow him down the alley, but to wait for the police. When the police arrived, Burgins was driving away. He was stopped by Officer Throckmorton and subsequently arrested. A search was made of the areas where Burgins had been, but the two cameras were never found.

The assignment of error in this case arises out of defense counsel's comments during final argument. When addressing the jury, defense counsel stated:

"I don't have any big speech outlined. I'd like to think that I could pull something like Perry Mason would and bring somebody in here and point to them and say he was the one that did it, but I can't do that and I'm going to be honest with you, I think that in all honesty there has been some evidence that has been presented in this case to prove that John Burgins committed this offense. As I sat in my counsel chair and listened to counsel, [who] did a very fine job, I came to the conclusion and I looked [at] my client and I said, 'Well, it's not going to surprise me if they find you guilty.' And I told him that basically we did everything that we could and that's all we can do is just try to give you our side of the story and let you go from there. I'm not sure who I believe here. I don't necessarily believe John Burgins. Maybe I'm wrong for saying that because I'm his attorney, but I don't necessarily believe him. I'm not so sure I believe the testimony that was given by the two individuals that are employed by Super X and I'm not so sure I believe the testimony of Officer Throckmorton on certain aspects.

"* * *

"I think the evidence is just a little bit shy where we can go back there and say I know this man walked out with two cameras. I think it's possible that he did, okay. He might very well have. Once I walk out of here I might say to myself, he probably ran out — walked out with those cameras. But the problem of it is is [*sic*] that's not good enough. Okay? It's required by law not that he probably did it, but that he committed this offense beyond a reasonable doubt. Thank you."

The test for effective assistance of counsel is set forth in paragraph four of the syllabus in *State* v. *Hester* (1976), 45 Ohio St. 2d 71, 74 O.O. 2d 156, 341 N.E. 2d 304:

"The test in determining if the accused had effective retained counsel is whether the accused, under all the circumstances, including the fact that he had retained counsel, had a fair trial and substantial justice was done."

The first paragraph in *State* v. *Lytle* (1976), 48 Ohio St. 2d 391, 2 O.O. 3d 495, 358 N.E. 2d 623, vacated as to the death penalty (1978), 438 U.S. 910, is more specific:

"When presenting an allegation of ineffective assistance of trial counsel to a reviewing court, an appellant must initially show a substantial violation of an essential duty by that counsel."

The court then elaborated on this standard:

"When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness."

Applying the first part of this two-step process, we find that there has been a violation of an essential duty by counsel. It has long been the rule that a

prosecutor may not express his opinion as to the guilt of the accused. *State* v. *Thayer* (1931) 124 Ohio St. 1, 176 N.E. 656. Generally this is based on the principle that such comments go beyond the evidence, *State* v. *Smith* (1984), 14 Ohio St. 3d 13, 14 OBR 317, 470 N.E. 2d 883, because such a comment allows the jury to speculate that the prosecutor is basing his opinion on additional information not brought out at trial, *State* v. *Brand* (1978), 56 Ohio App. 2d 271, 273, 10 O.O. 3d 281, 282, 382 N.E. 2d 1171, 1173. If there is this kind of danger that the jury may speculate when the prosecutor tenders an opinion, that danger is magnified when defense counsel offers such an opinion: the jury will no doubt speculate that defendant has admitted his guilt to his attorney. We find that where defense counsel expresses an opinion that he does not believe his own client and that he expects the jury to find the defendant guilty, there has been a substantial violation of counsel's duty.

Turning now to the second stage, the prejudicial effect, we find very little authority on this kind of question. In *State* v. *Knight* (1984), 20 Ohio App. 3d 289, 292, 20 OBR 381, 384, 485 N.E. 2d 1064, 1067, where the prosecutor's claim that defendant's own counsel didn't believe him was held to be improper, the court stated: "The assistant county prosecutor stated to the jury, 'I don't even think that Mr. Hrisko [defense counsel] believes her [the appellant] * * *.' This kind of statement represents improper behavior. It reflects adversely on our judicial system and serves no useful purpose in the orderly administration of justice." However, this comment was not objected to, and was found not to have been so prejudicial that it deprived the defendant of a fair trial.

Appellee herein argues that there was overwhelming evidence of defendant's guilt, and that the comments

were a defense tactic, even if an admittedly poor tactic. While defense tactics, even ineffective ones, are usually not considered grounds for reversal, where there has been such a deviation from the norm that ordinary trial counsel would scoff at hearing of it, we may conclude that there has been reversible error. A physician may commit malpractice on a dying patient, just as an attorney may ineffectively represent a guilty defendant, but we cannot excuse either conduct because the result would have been the same.

The United States Supreme Court case of *Strickland* v. *Washington* (1984), 466 U.S. 668, is directly on point. In that case, the court stated that defense counsel's role is basically adversarial:

"* * * Thus, a fair trial is one in which evidence subject to adversarial testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceeding. * * *

"* * * That a person who happens to be a lawyer is present at trial alongside the accused, however, is not enough to satisfy the constitutional command. The Sixth Amendment recognizes the right to the assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results. An accused is entitled to be assisted by an attorney, whether retained or appointed, who plays the role necessary to ensure that the trial is fair." *Id.* at 685.

The court goes on to mention the two-step test — deficient performance and prejudicial result — and to discuss the subject of reasonableness:

"* * * When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness.

"More specific guidelines are not

appropriate. The Sixth Amendment refers simply to 'counsel,' not specifying particular requirements of effective assistance. It relies instead on the legal profession's maintenance of standards sufficient to justify the law's presumption that counsel will fulfill the role in the adversary process that the Amendment envisions. See *Michel* v. *Louisiana,* 350 U.S. 91, 100-101 (1955). The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* at 687-688.

Under the prevailing professional norm in this district no attorney would adopt a tactic which gives away any chance of a defense verdict.

We make one final point here on the issue of invited error. Appellee does not argue, nor do we find that this was invited error, but, rather, we find that it was ineffective assistance of counsel, so ineffective as to require reversal and a remand for a new trial.

The assignment of error is sustained. The judgment of the trial court is reversed, and this cause is remanded to the trial court for a new trial.

*Judgment reversed and cause remanded.*

ABELE and STEPHENSON, JJ., concur.