JOURNAL ENTRY and OPINION
On April 22, 1998, this court granted in part the application of George Smiley, appellant, to reopen his appeal pursuant to App.R. 26(B). We found that appellant raised a colorable claim as to the effectiveness of his appellate counsel in failing to challenge the effectiveness of trial counsel in closing argument. This court appointed new counsel to represent appellant, the parties submitted their appellate briefs, and we have reviewed the record from appellant's trial. For the reasons that follow, based upon the ineffective assistance of trial and appellate counsel, we reverse the conviction of appellant and remand this case for a new trial.
 TRIAL
Appellant was indicted for assault with a peace officer specification in violation of R.C. 2903.13.
At trial, the state presented only the testimony of the victim police officer, Alan Eugene Almeida. Patrolman Almeida, a two-year police veteran at the time of the incident, testified that on October 20, 1996, at about 4:20 a.m., he and his partner, Officer Reggie Smith, responded to a call to assist another police car in looking for an older, two-door model Buick or Oldsmobile with the left tail-light out which was wanted in connection with a robbery. They spotted appellant, who was driving a 1980 two-door Oldsmobile Cutlass with the rear left light out. Appellant was stopped at a red light in the far right-hand lane, and the policemen pulled up behind him.
Patrolman Almeida stated that when the light turned green, appellant made a left-hand turn from the right-hand lane. They pursued appellant into a dead-end street and saw appellant exit his stopped (but engine running) vehicle through the passenger door. The policemen pulled up and stopped, and Officer Almeida left the car and ran towards appellant. Patrolman Almeida testified that as he got closer to appellant, "the [appellant] with a closed fist kept running, and as he did, he struck me in the left side of the face." Tr. 21. He managed to tackle appellant, and his partner then assisted him. Officer Almeida relayed that they cuffed appellant who began to struggle and got himself to his feet. Officer Almeida later testified that they did not handcuff appellant until after he pepper-sprayed him.
The patrolman stated that the three of them fell into the passenger window of appellant's car. Officer Almeida testified that because appellant had struck him and was still struggling, he pepper-sprayed him for one second and appellant fell to his knees. They handcuffed him and put him in their police car. The entire incident took maybe one and one-half minutes.
The policemen learned that appellant was not involved in the robbery. They took appellant to the hospital to have the pepper-spray flushed from his eyes and to have his hand, which was injured when they fell against the car, examined. Patrolman Almeida did not seek any medical attention for himself.
Appellant testified on his own behalf. He told the jury he graduated from high school and was twenty-five years old. He recounted his prior felony convictions and testified that he pled guilty to those crimes because he indeed committed them. He admitted to the jury that in this case he was nervous when he saw the police and fled because he knew there was a warrant out for his arrest.
When he finally stopped fleeing in his car, he said the police pulled along side of him on the driver's side and that is why he tried to flee through the passenger door. But, he tripped, and instead of being able to flee on foot, he stumbled out of the car and onto the ground. He testified that as he arose, an officer grabbed his pants and shirt from behind, slung him against the car's passenger door window, punched him in the stomach and face, threw him on the ground, handcuffed him and then pepper-sprayed him. He was treated at the hospital for cuts on his hand and elbow.
Appellant testified on direct examination that he did not strike Officer Almeida. Tr. 37. Again, on cross-examination, appellant testified that he never struck Officer Almeida. Tr. 48.
Counsel for appellant gave the following closing argument to the jury on his client's behalf:
 Ladies and gentlemen of the jury, thank you for hearing this case. And I would like to thank Judge Corrigan, and I thank the court reporter and Miss Loritts for her professionalism, and we're especially glad to have you here in this case this afternoon because this is a serious case to consider and to sort out.
 For a minute and a half of action there was a lot of testimony regarding this incident, and I think it's very difficult to understand exactly what happened because each person there had a different perspective on what happened, and I'm asking you to find basically reasonable doubt in this case, which the. Judge will explain to you when he charges you on this case.
 For a couple of reasons, consider while you're deliberating, would it make sense for George Smiley to take on two officers when basically all he really did was, according to his own testimony, he always runs from the police? He's scared of police, for whatever reason. In these matters, basically it is our position here that he is mischarged in this case. He is not guilty of assault on a police officer, he's guilty of, perhaps, fleeing and eluding.
 He did apparently, perhaps, approach resisting arrest. He struggled with the officers, he fell down. I'm sure that Officer Almeida believes that George Smiley struck him on purpose, but, of course, our position is that it was not knowingly done on purpose. George Smiley was trying to get away, and during the ensuing melee, perhaps there was [sic] people struggling. George Smiley himself was accidentally pushed through a car window. He's not saying that was done on purpose.
 We're saying that perhaps the whole thing, as Ms. Loritts stated, should never have happened. Mr. Smiley should have stopped his vehicle and have done what any person would do, and he did not, and the whole situation ensued the way it did.
 For these reasons, we respectfully request that he be found not guilty on the assault charge based upon the finding of reasonable doubt in this case. Thank you very much for your attention, and we're very happy to have had you here today. Thank you.
Tr. 64-66.
The jury found appellant guilty, and appellant appealed.
 APPEAL
Different counsel from the same public defenders' office represented appellant on appeal. Counsel assigned the following sole assignment of error for review:
 GEORGE SMILEY WAS DENIED HIS LIBERTY WITHOUT DUE PROCESS OF LAW BY HIS CONVICTION FOR ASSAULT, WHICH WAS NOT SUPPORTED BY EVIDENCE SUFFICIENT TO PROVE HIS GUILT BEYOND A REASONABLE DOUBT.
This court found sufficient evidence to support the jury's verdict based upon the testimony of the police officer and affirmed appellant's conviction.
 REOPENING
Appellant pro se timely filed to reopen his appeal. He claimed appellate counsel was ineffective for failing to raise ineffective assistance of trial counsel concerning trial counsel's closing argument to the jury wherein he argued that appellant accidentally struck the victim when his testimony was that he never struck the police officer. We found that appellant presented a genuine issue under the circumstances of his case as to appellate counsel's effectiveness for failing to challenge the conduct of trial counsel in closing argument and demonstrate how counsel's argument may have affected appellant's trial. This court granted appellant's application to reopen based upon this issue, appointed new appellate counsel for appellant, and reopened appellant's appeal.
 REOPENED APPEAL
New appellate counsel assigned the following error for our review:
 THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL DURING HIS TRIAL AND APPEAL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION.
The Supreme Court of Ohio has stated that the two-prong test set forth in Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674, is to be applied when reviewing a claim of ineffective assistance of appellate counsel. State v.Rojas (1992), 64 Ohio St.3d 131, 141, 592 N.E.2d 1376; State v.Watson (1991), 61 Ohio St.3d 1, 16, 572 N.E.2d 97. The Strickland
standard requires the following demonstration:
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
466 U.S. at 687-88, 104 S.Ct. at 2064; see State v. Bradley
(1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus.
The burden of showing deficient performance is a heavy one since counsel in Ohio are presumed competent, Vaughn v. Maxwell
(1965), 2 Ohio St.2d 299, 301, 209 N.E.2d 164; State v. Smith
(1981), 3 Ohio App.3d 115, 120, 444 N.E.2d 85, and judicial scrutiny of the performance of counsel is to be highly deferential, Strickland, 104 S.Ct. at 2065-66; State v. Williams
(1992), 80 Ohio App.3d 648, 661, 610 N.E.2d 545; State v. Lott
(Mar. 16 1989), Cuyahoga App. No. 54537, unreported, reopening disallowed (Apr. 15, 1994), Motion No. 40925, slip entry at 3;State v. Reynolds (Aug. 17, 1987), Cuyahoga App. No. 52461, unreported, reopening disallowed (Aug. 26, 1993), Motion No. 42173, slip entry at 4-5.
Appellate counsel is not ineffective necessarily for failing to raise a claim of error. Appellate counsel has no constitutional duty to raise every conceivable assignment of error on appeal.Jones v. Barnes (1983), 463 U.S. 745, 103 S.Ct. 3308,77 L.Ed.2d 987; State v. Gumm (1995), 73 Ohio St.3d 413, 428,653 N.E.2d 253; see State v. Campbell (1994), 69 Ohio St.3d 38, 53,630 N.E.2d 339. In fact, "[a] brief that raises every colorable issue runs the risk of burying good arguments * * * in a verbal mound made up of strong and weak contentions." Jones, 463 U.S. at 753,103 S.Ct. at 3313. "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every `colorable' claim suggested by a client would disserve the very goal of vigorous and effective advocacy * * *."Jones, 463 U.S. at 754, 103 S.Ct. at 3314; see State v. Rojas
(1992), 64 Ohio St.3d 131, 141-42, 592 N.E.2d 1376; State v.Watson (1991), 61 Ohio St.3d 1, 15-16, 572 N.E.2d 97. Consequently, absent an egregious omission, the mere failure to present a specific assignment of error in addition to others raised on appeal will not constitute deficient performance of appellate counsel, i.e., performance falling below the norms of the profession.
Even when an appellant demonstrates the deficient performance of appellate counsel for failing to present an additional assignment of error, the appellant still must establish prejudice. See, e.g., Sharp v. Puckett (5th Cir. 1991),930 F.2d 450. Prejudice is presumed in situations where the [un]assistance of counsel is tantamount to the denial of counsel on appeal.Penson v. Ohio (1988), 488 U.S. 75, 109, S.Ct. 346,102 L.Ed.2d 300. Otherwise, an appellant must show that there is a reasonable probability that, but for the unprofessional error(s), the result of the appeal would have been different. Sharp,930 F.2d at 452-53. Counsel's omission of "a dead-bang winner" assignment of error, even though zealously pressing other strong but unsuccessful claims of error, could render counsel's assistance constitutionally ineffective. Page v. United States (7th Cir. 1989), 884 F.2d 300, 302. "The threshold question is not whether trial counsel was inadequate but whether trial counsel was soobviously inadequate that appellate counsel had to present that question to render adequate assistance." Id. at 302 (emphasis in original). In the case sub judice, the answer to the threshold question is in the affirmative, trial counsel was so obviously inadequate that appellate counsel was required to raise that issue on appeal to this court in order to have rendered effective assistance of counsel on appeal.
 TRIAL COUNSEL
When evaluating the assistance of trial counsel, the focus of the prejudice component of the Strickland test is in determining whether trial counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair.Lockhart v. Fretwell (1993), 506 U.S. 364, 113 S.Ct. 838,122 L.Ed.2d 180; State v. Carter (1995), 72 Ohio St.3d 545, 558,651 N.E.2d 965. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him."Lockhart, 506 U.S. at 372, 113 S.Ct. at 844.
Appellant contends that it is an essential duty of counsel to be an advocate on behalf of his/her client. The United States Supreme Court has stated that "[t]he very premise of our adversary system of criminal justice is that partisan advocacy on both sides of a case will best promote the ultimate objective that the guilty be convicted and the innocent go free." Herringv. New York (1975), 422 U.S. 853, 862, 95 S.Ct. 2550, 2555,45 L.Ed.2d 593. The Court recognized that "[i]t is that `very premise' that underlies and gives meaning to theSixth Amendment." United States v. Cronic (1984), 466 U.S. 648, 655-56,104 S.Ct. 2039, 2045, 80 L.Ed.2d 657. In fact, it is a requirement of the Sixth Amendment to the United States Constitution that an accused have an attorney who is acting in the role of an advocate. Id. at 656, 104 S.Ct. at 2045; Anders v.California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. Thus, it is a substantive right of the accused to have the representation of counsel, not as a friend of the court or extended arm of the prosecution, but in the role of an adversary to the state advocating the position of the accused.
The constitutional guarantee is violated if the process loses its character as a confrontation between adversaries. Cronic,466 U.S. at 656-57, 104 S.Ct. at 2045-46. Prejudicial ineffective assistance of counsel can occur when trial counsel presents a particularly futile closing argument, United States v. Hammonds
(D.C. Cir. 1970), 425 F.2d 597, or one that is pro forma or casual, Matthews v. United States (D.C. Cir. 1971), 449 F.2d 985. The process is also rendered fundamentally unfair or unreliable when trial counsel in closing argument fails to develop or present the defendant's theory of the case. Tejeda v. Dubois (1st
Cir. 1998), 142 F.3d 18; State v. Underdown (1997),124 Ohio App.3d 675, 707 N.E.2d 519.
At appellant's trial, the victim testified that appellant hit him with his fist and appellant testified both on direct and cross-examination that he did not. No other witnesses testified for the state or the defense. In closing, instead of developing and presenting the defense of his client based upon his client's testimony, trial counsel addressed the jury and proposed a middle ground position, unsupported by his client's testimony, i.e., that his client struck the officer but that he did not do it on purpose.
Not once did trial counsel develop and argue the evidence as presented to the jury by his client while on the witness stand. His client testified that he tripped and stumbled out of the passenger side of the car onto the ground and as he rose up, he was manhandled from behind by the police, shoved up against the car and into the passenger window, for which he received medical treatment. Counsel argued that a melee occurred, that appellant struggled with the officers and was accidentally pushed through the car window. Appellant told the jury in his testimony that he never struck the police officer; his attorney told the jury he did, but not purposely. Appellant's attorney ignored or totally abandoned the version of events testified to by his client and used, as if uncontested, only the facts as relayed by the police officer. In doing so, counsel failed to develop and present the defense of his client.
Appellee suggests that it was reasonable for trial counsel to adopt a strategy in closing argument that incorporated the theory that if any hitting occurred on the part of appellant it was purely unintentional. What appellee contends, however, may be true as a defense in the alternative had the appellant been confused or ambivalent about whether he may have struck the officer or had the appellant not testified at all. In this case, however, appellant testified in no uncertain terms that he did not strike the policeman.
In counsel's compromising and loose summation, counsel undermined his own client's credibility. Instead of presenting the jury with his client's version of the events that night and arguing to support the credibility of his client, trial counsel adopted the police officer's scenario and admitted to the jury that his client did, in fact, hit the policeman. By admitting that his client hit the officer, whether purposely or not, after his client testified that he did not, counsel cast an aspersion on his own client's credibility since the jury could infer that defense counsel knew off-the-record that his client actually struck the officer or, as argued by appellant, that counsel himself did not believe his own client's testimony. Constitutionally, defense counsel is not permitted to cast such aspersions in closing argument. State v. Burgins (1988),44 Ohio App.3d 158, 542 N.E.2d 702.
Not only did trial counsel undermine his own client's credibility by abandoning his client's testimony, which was the only evidence in defense, but trial counsel buttressed the credibility of the state's only witness by presenting to the jury the officer's version of events as if true and the only version to be believed. There was no argument to the contrary. The omission of any argument in support of his client's testimony, adopting the facts as told by the state's witness, and advising the jury that his client did strike the officer, which was in direct contradiction to his client's testimony, virtually invited a guilty verdict for the defendant.
The prejudicial effect of trial counsel's closing argument is exacerbated by the fact that there is no overwhelming evidence of guilt in this case. A verdict that is only weakly supported by the record is more likely to have been affected by errors than one with overwhelming support in the record. Strickland,466 U.S. at 695-96; 104 S.Ct. at 2069, 80 L.Ed.2d at 698-99; State v.Carpenter (1996), 116 Ohio App.3d 615, 626, 688 N.E.2d 1090
(usurpation by prosecutor of jury's role in assessing credibility undermined confidence in outcome of trial). In the case subjudice, there was one witness for the state and one witness for the defense. The credibility of the witnesses was crucial to the outcome of this trial. Based on the less than adversarial and obviously less than zealous closing argument of defense counsel, wherein defense counsel failed to develop or present the defendant's theory of the case based upon the evidence presented by the defense, and in fact contradicted the evidence presented in defense, which undermined the credibility of the defendant and bolstered the credibility of the only state witness, we find that trial counsel did not provide the assistance required by theSixth Amendment to the United States Constitution and that the result of appellant's trial was fundamentally unfair and unreliable, especially in light of the absence of other or overwhelming evidence of guilt.[1]
 APPELLATE COUNSEL
Appellant counsel is not ineffective for failing to raise every nonfrivolous issue. Jones v. Barnes (1983), 563 U.S. 745 [463 U.S. 745],103 S.Ct. 3308, 77 L.Ed.2d 987. But counsel does have a duty to examine the trial court record with the intention of selecting the most promising issue(s) for appellate review. See id. at 752,103 S.Ct. at 3313. Counsel's omission of "a dead-bang winner" assignment of error, even though zealously pressing other strong but unsuccessful claims of error, could render counsel's assistance constitutionally ineffective. Page v. United States
(7th Cir. 1989), 884 F.2d 300, 302.
The trial court record in appellant's case was small, the transcript consisting of only ninety-seven pages. Experienced appellate counsel raised one assignment of error for review, a challenge to the sufficiency of the evidence. The chances of success on appeal with this assignment of error were next to nil just based upon a cursory review of the police officer's testimony. But the closing argument of trial counsel, wherein counsel admitted that his client struck the police officer after his client testified both on direct and on cross-examination that he never struck the officer, should have jumped off the page at even inexperienced appellate counsel as at least suspect. With even minimal research into the law, counsel should have determined that this was the issue to present to this court for review in appellant's case, or at least one of the issues to argue on appeal. The failure of appellate counsel to challenge the effectiveness of trial counsel under the circumstances of appellant's case rendered appellate counsel's representation on direct appeal ineffective.
 CONCLUSION
For the reasons stated above, appellant's assignment of error is sustained. Accordingly, the conviction of appellant is reversed and this matter is remanded to the trial court for a new trial.
Judgment reversed and remanded.
This cause is reversed and remanded.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KILBANE, J., CONCURS
PATTON, J., DISSENTS. (SEE ATTACHED DISSENTING OPINION)
 __________________________________ PATRICIA ANN BLACKMON PRESIDING JUDGE
[1] Although not argued by appellee, we also conclude, in light of the absence of overwhelming evidence of guilt and in light of the fact that there was only one witness testifying for each side in this case, that the trial court's instruction to the jury that the "closing arguments do not constitute evidence" cannot overcome the prejudicial effect of defense counsel's inadequate closing statement to the jury.