OPINION
Appellant, John G. Atkinson, appeals a judgment of the Auglaize County Municipal Court, St. Marys, Ohio, convicting him of driving while under the influence of alcohol in violation of R.C. 4511.19(A)(1). For the reasons that follow, we reverse the judgment of the trial court and remand this matter for further proceedings in accordance with this opinion.
On November 6, 1999, Patrick Thompson, a trooper with the Ohio State Highway Patrol, stopped Appellant after observing him driving left of center and weaving within his own lane on State Route 66 in Auglaize County. After detecting an odor of alcohol on Appellant, Trooper Thompson conducted several field sobriety tests. Subsequently, Appellant was arrested for driving while under the influence of alcohol (DUI) in violation of R.C. 4511.19(A)(1), and driving left of center in violation of R.C. 4511.25. Appellant later refused to submit to a breath-alcohol test.
Thereafter, Appellant pled not guilty and proceeded to a jury trial on the DUI offense on April 10, 2000. At trial, the State presented testimony from Trooper Thompson, and introduced into evidence a videotape of the stop and arrest of Appellant. At the close of the State's case, Appellant moved the court for a directed verdict of acquittal pursuant to Crim.R. 29, which was overruled. After presenting his defense, Appellant renewed his Crim.R. 29 motion, which was again overruled. On April 10, 2000, the jury found Appellant guilty of the DUI offense. The trial court also found Appellant guilty of the driving left of center offense. A judgment entry was filed on April 10, 2000.
Appellant now appeals the judgment of the trial court as it relates to the DUI conviction only, assigning three errors for our review.
Assignment of Error No. 1
 The Defendant-Appellant was denied his right to effective assistance of counsel guaranteed under the Sixth and Fourteenth Amendment[s] [to] the U.S. Constitution and Article One, Section Ten, of the Ohio Constitution.
 Trial counsel's performance will not be regarded as ineffective unless Appellant can show that counsel's representation has fallen below an objective standard of reasonable representation and, in addition, prejudice arises from such ineffective representation. Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136.
 In order to demonstrate prejudice, Appellant must show that there is areasonable probability that, but for counsel's ineffectiverepresentation, the outcome of the proceeding would have been different.Strickland, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 697-698. Areasonable probability is a probability sufficient to undermineconfidence in the outcome. Id.
In reviewing a claim of ineffective assistance of counsel, there exists a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." State v. Robinson (1996),108 Ohio App.3d 428, 431, quoting Strickland, supra, at 689. "A properly licensed attorney in Ohio is presumed competent." State v. Smith
(1985), 17 Ohio St.3d 98, 100, citing Vaughn v. Maxwell (1965),2 Ohio St.2d 299, 301. "Thus, the burden of proving ineffectiveness is on the defendant." Smith, at 100, citing State v. Smith (1981),3 Ohio App.3d 115.
The crux of Appellant's ineffective assistance of counsel claim stems from the introduction into evidence of a videotape, which contains footage of the traffic stop conducted by Trooper Thompson on November 6, 1999, and the resulting arrest of Appellant. Appellant's trial counsel is also his appellate counsel. While we normally will not condone a defense counsel's falling on his own sword for the purpose of obtaining a reversal of an otherwise sound conviction, this case presents an unusual scenario.
The videotape in question contains footage of the traffic stop and subsequent arrest of Appellant taken from a camera mounted on the inside windshield of Trooper Thompson's patrol car. The camera is automatically activated when the patrol car's overhead lights are turned on and only records activities directly in front of the patrol car. The audio portion of the videotape comes from a microphone worn by Trooper Thompson.
Initially, the videotape demonstrates Trooper Thompson conducting the traffic stop of Appellant's vehicle. After requesting Appellant's driver's license, registration and proof of insurance, Trooper Thompson asks Appellant to step out of his vehicle and into the patrol car. From this point, the conversation between Appellant and Trooper Thompson is recorded, but neither individual can be seen on the videotape.
While in the patrol car, Trooper Thompson is heard requesting information from the police dispatcher. The dispatcher then responds by informing Trooper Thompson that Appellant has a prior DUI Conviction. Following this exchange, Trooper Thompson conducts the horizontal gaze nystagmus test on Appellant while seated in the patrol car. Thereafter, Trooper Thompson conducts several other field sobriety tests outside and to the rear of the patrol car. The administration of both the field sobriety tests and the horizontal gaze nystagmus test can be heard but cannot be seen on the video. After administering the field sobriety tests, Trooper Thompson places Appellant under arrest and seats him in the back of the patrol car.
Trooper Thompson is then seen on the videotape asking the passengers in Appellant's vehicle if they are able to drive. Subsequently he removes a female passenger from Appellant's vehicle and speaks to her in front of the patrol car. Trooper Thompson then conducts several field sobriety tests on the passenger in order to assess her ability to drive Appellant's vehicle. Unlike with Appellant, he conducts these field sobriety tests in front of the patrol car where they are recorded on the videotape. During the tests, the passenger is both heard and observed making several highly prejudicial comments regarding Appellant's condition and ability to drive his vehicle.
In support of his ineffective assistance of counsel claim, Appellant argues that his counsel made numerous evidentiary and procedural errors, which ultimately denied him a fair trial. Initially, Appellant claims, and the record herein demonstrates, that his counsel failed to file a motion in limine or a motion to exclude the alleged prejudicial portions of the videotape prior to trial. Appellant also claims that his counsel failed to raise an objection at trial regarding the introduction of the videotape into evidence. Additionally, Appellant claims that his counsel inquired about his prior DUI conviction on direct examination.
In response, the State argues that Appellant's counsel did not err at trial but, rather, was presenting a strategy of defense. Specifically, the State suggests that Appellant's counsel purposefully failed to object to the introduction of the videotape into evidence in order to retain grounds for appeal should Appellant be convicted. As such, the State contends that Appellant cannot now claim that his counsel's trial strategy constituted error.
However, "an accused has been denied effective assistance of counsel where defense counsel's strategy has been so outside the realm of legitimate trial strategy as to make ordinary trial counsel `scoff' at the hearing of it." State v. Burgins (1988), 44 Ohio App.3d 158, 160. Alternatively, the State argues that even if Appellant's counsel erred, there is a sufficient amount of other evidence in the record to support the trial court's judgment.
After examining the record in its entirety, we find that Appellant's counsel's performance fell below an objective standard of reasonable representation. This is evidenced by the fact that there is practically no admissible evidence probative of Appellant's guilt contained within the videotape admitted into evidence. The videotape instead contains highly prejudicial comments about Appellant made by a female passenger in Appellant's vehicle, who was not called by the State to testify at trial, and a statement by a police dispatcher that Appellant has a previous DUI conviction. None of the prejudicial evidence is admissible in the form of the videotape, and it appears that the principal purpose for which this evidence was offered by the State was to get this otherwise inadmissible and prejudicial evidence before the jury.
Because the contents of the videotape offer very little, if any, evidence that is probative of Appellant's guilt, this minimal probative value of the videotape is substantially outweighed by its highly prejudicial nature. Evid.R. 403(A). Therefore, Appellant's counsel clearly should have moved to exclude the videotape from evidence or, at the very least, moved to exclude the highly prejudicial and inadmissible statements contained therein. Additionally, if the videotape had not been previously admitted in the State's case in chief, Appellant's counsel would not have raised the issue of Appellant's prior DUI conviction on direct examination in his defense.
The question then becomes whether Appellant has been prejudiced by his counsel's deficient performance. Initially, we note that excluding admission of the videotape, the only remaining evidence presented by the State is the testimony of Trooper Thompson. Despite Trooper Thompson's testimony regarding Appellant's performance during the field sobriety tests he conducted, Appellant provided conflicting testimony, seeking to explain his inability to perform the tests in accordance with Trooper Thompson's standards.
In addition to the conflicting testimony in the record, we note that the field sobriety tests conducted by Trooper Thompson are subjective in nature, the probative value of which depend, in large part, upon the credibility of the witnesses who testify concerning them. The record does not demonstrate that there were any objective tests performed on Appellant, such as a breath or blood-alcohol test to support the State's charge that Appellant was under the influence of alcohol.
As stated in Strickland, supra, this court must accord great deference to counsel's legitimate strategic choices at trial and we must not second-guess legitimate trial tactics of counsel. However, in this case, Appellant's counsel's complete and admitted dereliction of duty with regards to the admission of the highly prejudicial videotape totally undermines confidence in the outcome of the trial. In spite of the fact that a jury might well have convicted Appellant solely upon the testimony of Trooper Thompson, the evidence is not so overwhelming that we can say that the admission of the evidence was harmless.
We find it appropriate at this point to note further that although Appellant has raised a claim of ineffective assistance of counsel, this result could have been prevented, as well, by either the Prosecutor or the trial court. It is also incumbent upon both the trial court judge and the prosecutor to preclude the jury from being exposed to clearly prejudicial and inadmissible evidence.
Generally, the trial court has broad discretion in determining theadmission and exclusion of evidence. State v. Hymore (1967),9 Ohio St.2d 122, 128. Ordinarily, error may not be predicated upon atrial court's ruling admitting or excluding evidence, unless asubstantial right is affected and a timely objection appears in therecord. Evid.R. 103(A). However, "[e]ven in the absence of anobjection, a trial court has the inherent power to exclude or strikeevidence on its own motion." Oakbrook Realty Corp. v. Blout (1988),48 Ohio App.3d 69, at paragraph one of the syllabus. In some cases, thetrial court is under a duty, even absent an objection, to excludeevidence based on plain error pursuant to Evid.R. 103(D). Id., at 71. We find that this is such a case.
Additionally, for the same reasoning, it was incumbent upon the prosecutor to refrain from offering the videotape into evidence due to its minimal probative value and its highly prejudicial nature. "In general terms, the conduct of a prosecuting attorney during trial cannot be made a ground of error unless that conduct deprives the defendant of a fair trial." State v. Maurer (1984), 15 Ohio St.3d 239, 266, citing State v.Papp (1978), 64 Ohio App.2d 203, 211. In this instance, the prosecutor's offering of such clearly inadmissible evidence resulted in depriving Appellant of a fair trial.
Accordingly, for all of the reasons set forth above, Appellant's first assignment of error is well taken and is therefore sustained.
Assignment of Error No. 2
 The Defendant-Appellant was denied a fair trial as a result of the cumulative effect of errors in the proceedings or plain error pursuant to the holding in State v. DeMarco (1987), 31 Ohio St.3d 191.
Assignment of Error No. 3
 The trial court erred by not granting Defendant's Rule 29 motion on the basis the State failed to present sufficient evidence that the proper venue for this action was Auglaize County, Ohio.
 Because we sustained Appellant's first assignment of error above, the remaining two assignments of error are moot. Accordingly, we will not address the merits of these assignments of error at this time.
 Having found error prejudicial to the Appellant herein, in theparticulars assigned and argued, the judgment of the trial court is herebyreversed, and the matter is remanded for further proceedings inaccordance with this opinion.
HADLEY, P.J., and SHAW, J., concur.