DECISION. *Page 2 
{¶ 1} Ronald May was indicted for one count each of robbery[1] and aggravated robbery with specifications.[2] Following a bench trial, May was found guilty of the robbery count and not guilty of the aggravated robbery with specifications. May appeals, arguing that he received ineffective assistance of counsel and that the trial court should have evaluated him to determine if he was competent to stand trial. We affirm.
 I. Bank Robbery {¶ 2} At his bench trial, May's counsel told the court that May would stipulate that May had entered a bank, had presented a note to the teller, had received a sum of money from the teller, and had walked about 200 yards away from the bank before being detained by police. He also stipulated that the money had contained a locator device, that the money was in May's possession when he was arrested, and that the bank teller had identified May as the robber. The trial court asked if May was admitting to the robbery, but denying that May had a gun. May's counsel responded yes.
 {¶ 3} The bank teller testified for the state that May had handed her a handwritten note threatening to shoot her if she did not turn over $100,000 in small bills. May did not show the teller a weapon, but she testified that she was very frightened. The police did not find a weapon either on May or anywhere in the approximately 200 yards between where he was detained and the bank. May did not testify or present any witnesses at trial.
 {¶ 4} The trial court found May guilty of the robbery, but not guilty of the aggravated robbery with specifications. May's counsel waived a presentence report, and *Page 3 
the court accepted the waiver. May's counsel offered as mitigation that May had (1) been a resident of a halfway house; (2) told a mental-health counselor that he was depressed and was considering robbing a bank; (3) been diagnosed as a paranoid schizophrenic; and (4) qualified for social-security disability payments because of serious mental-health issues. Additionally, counsel told the court that the police and the FBI were aware that May was considering robbing a bank but had done nothing about it.
 {¶ 5} May now asserts on appeal that his trial counsel was ineffective and that the court should have sua sponte ordered a competency evaluation for him. Neither assertion has merit; thus we affirm the trial court's judgment.
 II. Ineffective Assistance {¶ 6} May argues that his attorney erred by failing to present a defense of not guilty by reason of insanity and by stipulating to the robbery. To establish ineffective assistance of counsel, May must demonstrate that his lawyer's performance fell below an objective standard of reasonable performance and that he was prejudiced by his lawyer's deficient performance.[3] May must show that, but for his lawyer's deficient performance, the outcome of his trial would have been different.[4]
 {¶ 7} Not guilty by reason of insanity is defined by R.C. 2901.01 as "at the time of the commission of the offense, the person did not know, as a result of a severe mental disease or defect, the wrongfulness of the person's acts." Thus, it was not enough that May had been diagnosed with a mental disease. May had to have been unaware that it was wrong to walk into a bank, threaten the teller, and steal money.
 {¶ 8} May understood that it was wrong to rob a bank. He would not have admitted to his mental-health counselor that he was depressed and was thinking *Page 4 
about robbing a bank if he did not know that robbery was wrong. His diagnosis of paranoid schizophrenia was not enough to show he that did not understand that his actions were wrong.
 {¶ 9} May also argues that his lawyer should not have stipulated to the robbery. May relies on State v. Burgins[5] for the proposition that, in every criminal case that goes to trial, all attorneys must at least try to argue for a complete victory. Not so. In Burgins, the defendant maintained his innocence throughout trial. His lawyer during closing argument told the jury that he did not necessarily believe his client's story and that his client very well might have committed the crime that he had been accused of. That case is a far cry from this, where there is nothing in the record to suggest that May had planned to maintain his innocence.
 {¶ 10} But even if May's attorney had erred by making the stipulations, there was overwhelming evidence of May's guilt. The money he had stolen had a locator device, and that money was found on May when he was apprehended shortly after the robbery. The teller positively identified May as the robber. May told the police that he had robbed the bank. The outcome would not have changed had May's attorney not made the stipulations, and thus there was no prejudice.
 III. Competency {¶ 11} May argues that the trial court should have sua sponte ordered an evaluation of his competency because his attorney had waived a presentence investigation.
 {¶ 12} May would have been incompetent to stand trial if, after a hearing, the court had found that May was "incapable of understanding the nature and objective of the proceedings against [him] or of assisting in [his] defense."[6] A *Page 5 
defendant is presumed to be competent.[7] Nothing in the statutes or the rules suggests that a trial court is required to hold a hearing to evaluate competency or to obtain a presentence investigation.[8]
 {¶ 13} The record reflects that May understood the proceedings against him. He spoke articulately, answered questions appropriately, and asked his own questions. The trial court was not required to order a competency evaluation.
 {¶ 14} For the foregoing reasons, we affirm the judgment of the trial court.
Judgment affirmed.
SUNDERMANN, P.J., and DINKELACKER, J., concur.
[1] R.C. 2911.02(A)(2).
[2] R.C. 2911.01(A)(1).
[3] State v. Pippin, 1st Dist. No. C-060929, 2007-Ohio-5974, at ¶19.
[4] Id.
[5] (1988), 44 Ohio App.3d 158, 542 N.E.2d 707.
[6] R.C. 2945.37(G).
[7] Id.
[8] Id.; R.C. 2951.03; Crim.R. 32.2. *Page 1