OPINION *Page 2 
{¶ 1} Appellant Barry C. Nelson appeals from the denial of his postconviction motion to set aside sentence in the Muskingum County Court of Common Pleas. The relevant facts leading to this appeal are as follows.
 {¶ 2} On May 23, 2007, appellant was indicted on one count of aggravated burglary (F-1), one count of carrying a concealed weapon (F-4), and one count of aggravated menacing (M-1). On July 23, 2007, appellant entered a plea of guilty to the lesser included offense of burglary (F-3) and the concealed weapon and aggravated menacing counts. On August 27, 2007, pursuant to a plea agreement, appellant was sentenced to an aggregate term of three years in prison.
 {¶ 3} On March 3, 2008, appellant filed a pro se motion to vacate or set aside sentence. The State filed a motion contra on March 7, 2008. Via a judgment entry filed March 10, 2008, the trial court denied appellant's motion.
 {¶ 4} Appellant filed a notice of appeal on April 2, 2008. He herein raises the following two Assignments of Error:
 {¶ 5} "I. WHETHER, THE DEFENDANT-APPELLANT WAS UNCONSTITUTIONALLY DEPRIVED OF HIS CONSTITUTIONAL RIGHTS TO LIBERTY, WHEN HE WAS CONVICTED OF AN OFFENSE HE IS ACTUALLY INNOCENT OF AGGRAVATED BURGLARY AS DEFINED IN R.C. § 2911.12(A)(3).
 {¶ 6} "II. WHETHER, THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR THAT DEPRIVED THE APPELLANT OF HIS BASIC CONSTITUTIONAL RIGHTS UNDER THE U.S. CONST., WHEN IT DENIED APPELLANT'S POST-CONVICTION RELIEF PETITION." *Page 3 
 I., II. {¶ 7} In his First and Second Assignments of Error, appellant contends the trial court erred in denying his postconviction motion to set aside sentence. We disagree.
 {¶ 8} Postconviction relief is a means by which a petitioner may bring claims of constitutional violations based upon matters outside the record. State v. Kreischer, Perry App. No. 01-CA-04, 2002-Ohio-357. R.C. 2953.21(A)(1) governs petitions for postconviction relief and states in relevant part as follows: "Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. * * *"
 {¶ 9} A trial court's decision regarding whether or not to conduct an evidentiary hearing in postconviction matters is governed by the standard of abuse of discretion. State ex rel. Richard v. Seidner
(1996), 76 Ohio St.3d 149, 151, 666 N.E.2d 1134. The petitioner bears the burden of supporting his claim with evidentiary quality materials.State v. Massey, Stark App. No. 2001CA00136, 2001-Ohio-1746, citingState v. Jackson (1980), 64 Ohio St.2d 107, 413 N.E.2d 819.
 {¶ 10} A review of appellant's postconviction motion indicates two bases for his constitutional claims: First, that he is "actually innocent" of the crime of burglary, and second, that alleged prosecutorial misconduct deprived him of rights under the First, Fifth,Sixth, and Fourteenth Amendments. *Page 4 
 {¶ 11} We have held that a claim of actual innocence does not constitute a substantive ground for postconviction relief. See State v.Bound, Guernsey App. No. 04-CA-8, 2004-Ohio-7097, ¶ 22, citing State v.Watson (1998), 126 Ohio App.3d 316, 323, 710 N.E.2d 340.[1]
Furthermore, we have reviewed the two affidavits attached to appellant's postconviction motion, one of which is appellant's and one of which is apparently the victim's, Ronnie Hanning. These affidavits simply set forth alternative versions of the events during the crime, and they make no allegations of prosecutorial misconduct in the case, which we reiterate was resolved via a plea agreement.
 {¶ 12} We therefore find appellant failed to meet the requirements for postconviction relief, and hereby hold the trial court did not err in dismissing appellant's motion.
 {¶ 13} Appellant's First and Second Assignments of Error are overruled.
 {¶ 14} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby affirmed.
 Wise, J. Hoffman, P. J., and Delaney, J., concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.
Costs assessed to appellant.
[1] We note some "actual innocence" claims are now allowable under the statute, but such claims are restricted to certain cases in which DNA testing has been duly performed. This does not apply to the present case. *Page 1