OPINION *Page 2 
{¶ 1} Defendant-Appellant appeals from the February 14, 2006, Judgment Entry of the Licking County Court of Common Pleas dismissing his petition for post-conviction relief. The State of Ohio is the Plaintiff-Appellee.
 STATEMENT OF THE CASE AND FACTS {¶ 2} Appellant was indicted on one count of aggravated murder, in violation of R.C. 2903.01(B), one count of aggravated robbery, in violation of R.C. 2911.01(A)(1) and/or (A)(3), one count of aggravated burglary, in violation of R.C. 2911.11(A)(1) and/or (A)(2), and one count of escape, in violation of R.C. 2921.34(A)(1) and (C)(2). The aggravated murder charge arose from the murder of Rhonda Boggs. SeeState v. Williams, 5th Dist. No. 05-CA-36,2006-Ohio-1381.
 {¶ 3} Appellant exercised his right to a jury trial on March 15, 2005, and the trial concluded on March 28, 2005.[1] Appellant was sentenced to serve a prison term of 20 years to life on the count of aggravated murder; a prison term of ten years on the count of aggravated robbery; a prison term of ten years on the count of aggravated burglary; and a prison term of eight years on the count of escape. The trial court ordered that all sentences be served consecutively to all other sentences. Id. at ¶ 19.
 {¶ 4} Appellant filed a direct appeal, raising multiple assignments of error. This court rejected his assignments of error and affirmed his convictions on March 22, 2006. Id. During the pendency of his direct appeal, Appellant filed a petition for post-conviction relief on November 7, 2005, raising five separate grounds for relief. First, Appellant argued that his convictions were void because certain statements he made to *Page 3 
authorities were admitted into evidence in violation of Evid. R. 410. Second, he claimed that his convictions were void or voidable because evidence regarding a polygraph examination was admitted into evidence. Third, he claimed that the presence of the media in the courtroom during trial caused an "adverse effect on the entire proceedings." Fourth, he claimed that his convictions were invalid because an exculpatory witness was not called to testify. Finally, he claimed that based on the preceding four errors, counsel was ineffective. The State filed a motion for summary judgment on December 29, 2005, and Appellant filed a memorandum in opposition to the State's motion for summary judgment on January 25, 2006. On February 14, 2006, the trial court issued a written decision dismissing Appellant's petition without a hearing.
 {¶ 5} Appellant raises three Assignments of Error:
 {¶ 6} "I. THE TRIAL COURT ERRED WHEN IT DISMISSED PETITIONER'S POST-CONVICTION PETITION, BASED ON RES JUDICATA, WHEN IT PRESENTED SUFFICIENT OPERATIVE FACTS TO MERIT AN EVIDENTIARY HEARING.
 {¶ 7} "II. THE TRIAL COURT ERRS IN DISMISSING A BRADY CLAIM AND A CONFRONTATION CLAIM.
 {¶ 8} "III. THE TRIAL COURT ERRS IN DISMISSING A CLAIM FOR INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, WHEN IT IMPROPERLY RELIES ON ITS PREVIOUS FINDINGS IN THE OTHER CLAIMS TO SUMMARILY DISMISS."
 I. {¶ 9} A post-conviction petition is a means by which a defendant can raise alleged constitutional violations based on matters outside the record. State v. Nelson, *Page 4 
5th Dist. No. CT2008-0013, 2008-Ohio-5901. Ohio Revised Code 2953.21(A)(1) governs petitions for post-conviction relief and states, in pertinent part,
 {¶ 10} "Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. * * *"
 {¶ 11} A trial court's decision as to whether to conduct an evidentiary hearing a post-conviction proceeding is governed by the standard of abuse of discretion. State ex rel. Richard v. Seidner
(1996), 76 Ohio St.3d 149, 151, 666 N.E.2d 1134. The petitioner bears the burden of supporting his claim with credible evidence, and must set forth sufficient operative facts to establish substantive grounds for relief. State v. Massey, 5th Dist. No. 2001CA00136, 2001-Ohio-1746, citing State v. Jackson (1980), 64 Ohio St.2d 107,413 N.E.2d 819; State v. Byrd (2001), 145 Ohio App.3d 318, 329,762 N.E.2d 1043, 1052. If the petition and record fails to demonstrate grounds for relief, the trial court may dismiss the petition without an evidentiary hearing.
 {¶ 12} In Appellant's first assignment of error, he claims that the trial court erred by dismissing his petition without a hearing because he presented sufficient evidentiary support to prove that he had a subjective expectation that statements he made after being Mirandized were actually plea negotiations and therefore were admitted into evidence in violation of Evid. R. 410. He further claimed that it was error for the trial court to read a stipulation at trial that a failed polygraph examination was unreliable. *Page 5 
 {¶ 13} Appellant's arguments about these issues were available on direct appeal. Appellant actually raised these issues on direct appeal and we rejected his claims. Therefore, Appellant's arguments are barred under the doctrine of res judicata. As stated by the Supreme Court of Ohio in State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraphs eight and nine of the syllabus, the doctrine of res judicata is applicable to petitions for post-conviction relief. ThePerry court explained the doctrine as follows:
 {¶ 14} "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." Id. at 180-181.
 {¶ 15} Even if we were to review these arguments on their merits, they do not rise to the level of constitutional violations, as they revolve around evidentiary issues and the admissibility of evidence.
 {¶ 16} Regarding Appellant's claim that statements he made to detectives after being Mirandized were covered under Evid. R. 410, we refer to the test set forth by the Supreme Court in State v.Frazier (1995), 73 Ohio St.3d 323, 652 N.E.2d 1000. "The test whether an accused's statements were made during plea discussions is to be determined on a case-by-case basis in light of all the facts. In determining admissibility of statements made during alleged plea discussions, the trial court must first determine whether, at the time of the statements, the accused had a subjective expectation that a *Page 6 
plea was being negotiated. The trial court must then determine whether such an expectation was reasonable under the circumstances."
 {¶ 17} The trial court, in rejecting Appellant's claim, pointed to an express written waiver obtained by the prosecutor's office prior to the December 2, 2003, interview with Appellant. In that waiver, Appellant specifically waived any protections under Evid. R. 410. Such a waiver is valid and enforceable. See United State v. Mezzanatto (1995),513 U.S. 196, 115 S.Ct. 797. Appellant did not dispute the validity or authenticity of this waiver.
 {¶ 18} The trial court also properly rejected Appellant's claim that he was forced to take the stand to "correct" errors in Agent Costas' testimony at trial. A transcript of the interview was admitted into evidence, and accordingly, Appellant did not need to testify to point out any inconsistencies in Agent Costas' testimony.
 {¶ 19} Regarding Appellant's claim that the admission of the stipulation regarding Nick Robinson failing the polygraph was improper, we find that the trial court did not abuse its discretion in dismissing Appellant's petition on this issue without a hearing. In Appellant's direct appeal, we stated the following:
 {¶ 20} "The stipulation in question was entered into by the parties and read to the jury. The stipulation concerned the polygraph test taken by Robinson. The stipulation was preceded by a Memorandum of Understanding, filed March 8, 2005, which attempted to explain, at least in part, the tactical reasons both parties had for entering into stipulations. Generally, the Memorandum indicated that the stipulations were entered into with the understanding that both parties may have the right to raise certain objections to certain evidence. Each party then agreed not to raise certain objections *Page 7 
against evidence referred to in the stipulations. The stipulation in question essentially stated that the parties agreed to the admission of the following: 1) Robinson took a polygraph; 2) that the test results and circumstances were examined by an expert; 3) the expert concluded that, under the circumstances of the test, most individuals would show deception; 4) in his expert opinion, the test results were unreliable; and 5) the test should not have been given to Robinson at that time. When this stipulation was read to the jury, the jury had already heard Robinson testify that he took a lie detector test and failed the test.
 {¶ 21} "Generally, polygraph evidence is inadmissible in a criminal trial unless certain prerequisites are met. State v. Souel (1978),53 Ohio St.2d 123, 373 N.E.2d 1318. Those criteria were not met in this case. However, in this case, we find no grounds for reversal. The error, if any, was invited error since the defense stipulated to the matter now being challenged. A litigant may not take advantage of an error which he himself invited or induced. See State v. Campbell (2000),90 Ohio St.3d 320, 423, 738 N.E.2d 1178; State v. Greene (May 14, 1999), 6th Dist. No. 5-98-026; State v. Kneip (1993),87 Ohio App.3d 681, 686, 622 N.E.2d 1138." State v. Williams, 5th
Dist. No. 05-CA-36, 2006-Ohio-1381, at ¶¶ 45-46.
 {¶ 22} Moreover, the trial court was within its discretion to reject Appellant's affidavit, which was Appellant's sole "evidentiary" support for these claims. As the State points out, the relevant factors for a trial court to consider when judging the credibility of affidavits in support of a post-conviction relief petition include: "(1) whether the judge reviewing the post-conviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been *Page 8 
drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial." State v. Calhoun (1999), 86 Ohio St.3d 279, 285, 1999-Ohio-102. The trial court has the discretion to conclude that the proffered affidavits lack credibility. Id.
 {¶ 23} In the present case, the trial court, in rejecting Appellant's affidavit, found it to have "no credibility at all." We cannot therefore find that the trial court abused its discretion in dismissing Appellant's petition without a hearing.
 {¶ 24} Appellant's first assignment of error is overruled.
 II. {¶ 25} In Appellant's second assignment of error, he argues that the trial court erred in dismissing a Brady claim and a confrontation claim without a hearing. Specifically, Appellant claims that a statement of the sister of the deceased should have been turned over to him prior to trial. We disagree.
 {¶ 26} Pursuant to Brady v. Maryland (1963), 373 U.S. 83, 87,83 S.Ct. 1194, 10 L.Ed.2d 215, a prosecutor is required to disclose all material evidence favorable to the defense on the issues of guilt and punishment. Evidence is only material if there is a reasonable probability that, had the evidence been disclosed to the defense, the outcome of the proceedings would have been different. "A `reasonable probability' is a probability sufficient to undermine confidence in the outcome."United States v. Bagley (1985), 473 U.S. 667, 682, 105 S.Ct. 3375,87 L.Ed.2d 481. Evidence is not considered material under Brady when the evidence is inadmissible under applicable state *Page 9 
evidence rules. Wood v. Bartholomew (1995), 516 U.S. 1, 7-8; State v.Davis (1991), 62 Ohio St.3d 326, 341-342.
 {¶ 27} The material complained of in the present case would not be admissible in a criminal trial. As the trial court found, the statements would be inadmissible, as they fall within no delineated hearsay exception. The trial court held, and we agree, "The defendant's reliance on State v. Hand (2006), 107 Ohio St.3d 378 is misplaced. Though theHand opinion addressed several hearsay exceptions, the defendant herein claims favor of only two: Evid. R. 804(B)(6) and 803(3). [See Defendant's Memorandum in Opposition to State's Motion for Summary Judgment, pp. 4-5.]
 {¶ 28} "To the extent the Hand case addressed the provisions of Evid. R. 804(B)(6), Forfeiture by Wrongdoing, it is clearly not applicable. Evid. R. 804(B)(6) allows for the admission of hearsay statements against a party when the wrongdoing of that party has led to the witness being unavailable. The only two parties to the instant action are the State of Ohio, and the defendant. Mr. Robinson is not a party to this action. His alleged wrongdoing cannot be imputed to the State of Ohio for the purposes of Evid. R. 804(B)(6).
 {¶ 29} "To the extent the Hand case addressed the provisions of Evid. R. 803(3), Then Existing State of Mind, the defendant has failed to show that it is applicable. Under Evid. R. 803(3), statements of current intent to take future actions are admissible for the inference that the intended act was performed. Hand, at 394-95. In the instant case nothing contained in Ms. Davis' affidavit conveys a statement of future intent on the part of Mrs. Boggs. Indeed, the bulk of the affidavit conveys a supposed conversation between Ms. Davis and Mrs. Boggs wherein Mrs. Boggs recounts past *Page 10 
events — not future intentions. Although paragraph 8 of the Davis affidavit mentions "discuss[ing] whether to use a knife or a gun if Robinson continued to make advances, the affidavit does not state what, if anything, Mrs. Boggs communicated to Davis as being her intention (as opposed to what Davis' advice was) on this topic. Indeed, if Mrs. Boggs had communicated an intention to use a gun should Mr. Robinson continue his supposed advances; this Court would question the relevance of this evidence since there is no evidence that a gun was actually used in Mrs. Boggs death. [sic] (See, Evid. R. 401). For these reasons, it is not at all clear that Evid. R. 803(3) applies. It being the defendant's burden to submit operative facts to support a conclusion that it does, and having not done so, the defendant's reliance on Evid. R. 803(3) fails.
 {¶ 30} "Thus, assuming without deciding, that there was a violation of some duty to disclose this information, the defendant cannot show `materiality' in the sense Brady defines that word." [Emphasis in original].
 {¶ 31} Furthermore, prosecutorial violations of Crim. R. 16 result in reversible error only when there is a showing that (1) the prosecution's failure to disclose was willful, (2) disclosure of the information prior to trial would have aided the accused's defense, and (3) the accused suffered prejudice. State v. Parson (1983), 6 Ohio St.3d 442, 445,6 OBR 485, 453 N.E.2d 689. Here, the trial court did not find that the prosecutor's failure to disclose was a willful violation of the rule, and determined that the statements were not material, and we can find no reason to overturn that determination on appeal.
 {¶ 32} Appellant's second assignment of error is overruled. *Page 11 
 III. {¶ 33} In his third assignment of error, Appellant contends that the trial court erred in summarily dismissing his ineffective assistance claims based on the court's ruling on Appellant's other claims for relief. We disagree.
 {¶ 34} Where no error is found in an underlying ineffective assistance claim, "it legally follows that the failure to object to these same items is insufficient to satisfy a claim of ineffective assistance of counsel." State v. Myers, 12th Dist. No. CA2005-12-035,2007-Ohio-915, at ¶ 35. The Ohio Supreme Court has summarily rejected ineffective assistance of counsel claims based upon the fact that the trial court previously decided that the underlying issues did not constitute error. See State v. Hand, 107 Ohio St.3d 378, 2006-Ohio-18. Stated a different way, if no error exists on the underlying claims, a trial court need not go through each claim again in an ineffective assistance analysis.
 {¶ 35} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that his trial counsel acted incompetently. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052. In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Id. at 689, quoting Michel v. Louisiana (1955), 350 U.S. 91, 101, 76 S.Ct. 158,164.
 {¶ 36} "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in *Page 12 
the same way." Strickland, 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." Id. at 690.
 {¶ 37} Even if a defendant shows that his counsel was incompetent, the defendant must then satisfy the second prong of the Strickland test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."Strickland, 466 U.S. at 694.
 {¶ 38} Appellant first contends that trial counsel was ineffective for allowing plea negotiation statements to be admitted at trial. We determined in Appellant's direct appeal that this was not ineffective assistance. Therefore, this argument is barred by res judicata. Moreover, debatable trial tactics and strategies generally do not constitute deficient performance. State v. Phillips (1995),74 Ohio St.3d 72, 85, 656 N.E.2d 643, State v. Clayton (1980), 62 Ohio St.2d 45,49, 402 N.E.2d 1189. A trial tactic or strategy constitutes ineffective assistance and reversible error only if it is such a deviation from the norm that ordinary trial counsel would "scoff" at hearing of it.State v. Burgins (1988), 44 Ohio App.3d 158, 160, 542 N.E.2d 707. Such is not the case here.
 {¶ 39} Appellant next contends that trial counsel was ineffective to stipulating that the results of a polygraph test of the state's primary witness was unreliable. Again, in Appellant's direct appeal, we rejected this argument, and it is therefore barred by res judicata. Even it if were not barred, there are no grounds for reversal, as without this stipulation, the evidence of Robinson's failed polygraph would never have been presented to the jury since polygraph results are generally inadmissible. Counsel was not ineffective for entering into this stipulation. *Page 13 
 {¶ 40} Next, Appellant contends that trial counsel was ineffective for failing to object to the adverse courtroom atmosphere during the trial. Appellant claims that the courtroom was crowded by media and therefore had an adverse impact on his trial and that trial counsel should have objected to having the trial in the small, crowded courtroom. Appellant cites to the case of Sheppard v. Maxwell (1966), 384 U.S. 333, which we find to be inapposite to the present case. Sheppard addressed a situation involving adverse media articles concerning the murder of the defendant's wife as well as the media's behavior in the courtroom, which went largely unchecked.
 {¶ 41} Appellant failed to set forth in his petition any details as to what prejudice he suffered and instead asked for a hearing to "detail this claim in order to demonstrate the [defendant] did not receive a fair trial." As the trial court stated, "the defendant is required to provide substantive evidence containing operative facts with the petition before he is entitled to a hearing." The court found Appellant's "self-serving affidavit to be entirely lacking in credibility as to any points which are relevant to this ground for relief."
 {¶ 42} We cannot find that the trial court abused its discretion in discounting the credibility of Appellant's affidavit or in finding that Appellant failed to present sufficient operative facts to warrant a hearing on this matter. Moreover, because Appellant failed to demonstrate any prejudice based on the location of his trial or the presence of the media, we cannot find that the trial court abused its discretion in declining to hold a hearing to determine whether trial counsel was ineffective.
 {¶ 43} Finally, Appellant contends that trial counsel was ineffective for failing to investigate and call a witness instrumental to the defense. Specifically, he claims that *Page 14 
failure to call Kim Davis, the deceased's sister, was error. As we have already stated, the testimony of Ms. Davis would have been inadmissible; therefore counsel was not ineffective for failing to call her to testify.
 {¶ 44} Accordingly, Appellant's third assignment of error is overruled.
 {¶ 45} For the foregoing reasons, we overrule Appellant's assignments of error. The judgment of the Licking County Court of Common Pleas is affirmed.
 Delaney, J. Hoffman, P.J. and Farmer, J. concur. *Page 15 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] A recitation of the underlying facts is not necessary for a disposition of the issues before this court on the present appeal. *Page 1