OPINION *Page 2 
{¶ 1} Defendant-Appellant, Donald Glenn, appeals from the trial court's Entry denying his "Motion To Vacate Sentence And Void Conviction" filed pursuant to Criminal Rule 47. The State of Ohio is Plaintiff-Appellee.
 STATEMENT OF THE CASE AND FACTS {¶ 2} Appellant was convicted in 1985 of one count of aggravated murder with a gun specification and one count of attempted murder with a gun specification. On August 21, 1984, at the Cambridge Police Department, he shot and killed Police Lieutenant Jerry Dragosin and shot and wounded Sergeant Eugene Woody. A three judge panel sentenced Appellant to death.
 {¶ 3} On direct appeal, where Appellant raised eleven assignments of error, this Court engaged in a de novo review of Appellant's sentence of death and reversed the trial court's imposition of the death penalty, concluding that "at the time of this offense Donald M. Glenn, because of a mental disease or defect (paranoid schizophrenia), lacked substantial capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law." State v. Glenn (February 19, 1987), CA-798.
 {¶ 4} On remand, the trial court sentenced Appellant to thirty years in prison on the aggravated murder charge and sentenced him to ten to twenty-five years on the attempted murder charge and three years on the gun specification. His sentences were run consecutively.
 {¶ 5} On June 18, 2007, Appellant filed a "Motion To Vacate Sentence And Void Conviction. Filed Pursuant To Criminal Rule 47. [sic]" In that motion, he argued that a court cannot impose a conviction or a sentence if the defendant is found to be insane. *Page 3 
He argued that this Court's 1987 opinion was in error because it failed to apply the law as to culpability and mens rea. He further argued that he should have been placed in a mental facility and not sentenced to prison upon remand of his case to the trial court in 1987.
 {¶ 6} On July 27, 2007, the State filed its response, arguing that Appellant's motion was barred by res judicata and that he was not entitled to relief under Crim. R. 47. The trial court denied Appellant's motion without hearing on August 9, 2007. Appellant then filed a motion for reconsideration on August 21, 2007, and also filed a reply to the State's response. By Entry filed on September 13, 2007, the trial court denied Appellant's motion for reconsideration. It is from this Entry that Appellant now appeals.
 {¶ 7} Appellant raises one Assignment of Error:
 {¶ 8} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO GRANT APPELLANT'S MOTION FOR POST-CONVICTION RELIEF AND VACATE THE CONVICTIONS PREVIOUSLY ENTERED, AND BY DENYING APPELLANT'S PRO SE MOTION WITHOUT AFFORDING APPELLANT AN OPPORTUNITY FOR A HEARING."
 I. {¶ 9} In Appellant's sole assignment of error, he argues the trial court erred in failing to afford Appellant an evidentiary hearing on a petition for post-conviction relief. Additionally, he argues that the trial court abused its discretion in failing to grant his motion for post-conviction relief on the grounds of newly discovered evidence, ineffective assistance of counsel, and a manifest miscarriage of justice. *Page 4 
 {¶ 10} Initially, we note that Appellant did not file a petition for post-conviction relief pursuant to R.C. 2953.21. He filed a "Motion to Vacate Sentence and Void Conviction. Filed Pursuant to Criminal Rule 47." Nowhere in his motion did he address the requirements of R.C. 2953.21, nor did he raise the issues of newly discovered evidence, ineffective assistance of counsel or a manifest miscarriage of justice. These arguments are raised the first time in Appellant's brief to this court.
 {¶ 11} Criminal Rule 47, as noted by Appellee, requires motions in criminal matters to state with particularity the grounds upon which the motion is made and the relief or order sought. It dictates merely the form that motions must take, and does not provide an avenue of relief for a defendant.
 {¶ 12} Even if we were to treat Appellant's motion as a petition for post-conviction relief, his argument fails. A post-conviction petition is a means by which a defendant can raise alleged constitutional violations based on matters outside the record. State v. Williams, 5th Dist. No. 08-CA-23, 2008-Ohio-6842 citing State v.Nelson, 5th Dist. No. CT2008-0013, 2008-Ohio-5901. Ohio Revised Code 2953.21(A)(1) governs petitions for post-conviction relief and states, in pertinent part,
 {¶ 13} "Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. * * *" *Page 5 
 {¶ 14} {¶ 11} A trial court's decision as to whether to conduct an evidentiary hearing in a post-conviction proceeding is governed by the standard of abuse of discretion. State ex rel. Richard v. Seidner
(1996), 76 Ohio St.3d 149, 151, 666 N.E.2d 1134. The petitioner bears the burden of supporting his claim with credible evidence, and must set forth sufficient operative facts to establish substantive grounds for relief. State v. Massey, 5th Dist. No. 2001CA00136, 2001-Ohio-1746, citing State v. Jackson (1980), 64 Ohio St.2d 107, 413 N.E.2d 819;State v. Byrd (2001), 145 Ohio App.3d 318, 329, 762 N.E.2d 1043, 1052. If the petition and record fails to demonstrate grounds for relief, the trial court may dismiss the petition without an evidentiary hearing.
 {¶ 15} A petition for post-conviction relief is timely filed under R.C. 2953.21(A)(1)(b)(2) if it is filed within 180 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication. Appellant's motion was filed over 20 years after his final judgment of conviction and is clearly outside of the proscribed time limits of R.C. 2953.21.
 {¶ 16} When an untimely petition is filed, the movant has the burden of proving that he was unavoidably prevented from discovery of the facts upon which he must rely to present the claim for relief or that subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right. Additionally, he must show by clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim *Page 6 
challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence. R.C. 2953.23(A)(1).
 {¶ 17} Appellant fails to meet these requirements, as his motion is devoid of any assertion that he was unavoidably prevented from discovery of the facts that he relied on to present his claim. Moreover, he has not asserted that the United States Supreme Court recognized a new federal or state right that applies retroactively to a person in his situation. Appellant merely seeks to relitigate a sentence imposed over twenty years ago.
 {¶ 18} Furthermore, any claim not raised in the petition is deemed waived. R.C. 2953.21(A)(4). Appellant did not raise the issues of ineffective assistance of counsel or newly discovered evidence in his motion, and therefore such issues are waived and are not appropriately considered on this appeal.
 {¶ 19} Appellant's arguments about the issues that he did raise in his motion were available on a direct appeal to the Supreme Court after this court's opinion was rendered and additionally after he was resentenced by the trial court. Therefore, Appellant's arguments are barred under the doctrine of res judicata. As stated by the Supreme Court of Ohio inState v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraphs eight and nine of the syllabus, the doctrine of res judicata is applicable to petitions for post-conviction relief. The Perry court explained the doctrine as follows:
 {¶ 20} {¶ 14} "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was *Page 7 
raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." Id. at 180-181.
 {¶ 21} Regarding Appellant's claim that the trial court should have held a hearing, we reference the standard that the he must present competent, credible evidence supporting his claims and that he must set forth sufficient operative facts to establish substantive grounds for relief. Appellant failed to set forth such facts or provide any evidentiary support that he would be entitled to relief. Accordingly, we cannot say that the trial court abused its discretion in refusing to hold a hearing based upon Appellant's motion or in denying Appellant's claim.
 {¶ 22} For the foregoing reasons, we overrule Appellant's assignment of error. The judgment of the Guernsey County Court of Common Pleas is affirmed.
 Delaney, J. Gwin, P.J. and Wise, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Guernsey County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1