[Cite as *State v. Williams*, 2020-Ohio-1519.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT


State of Ohio,                                    :

     Plaintiff-Appellee,                      :

                                        No. 19AP-648
v.                                               :      (C.P.C. No. 97CR-5311)

Christopher A. Williams,                         :      (ACCELERATED CALENDAR)

     Defendant-Appellant.                     :


D E C I S I O N

Rendered on April 16, 2020


**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

**On brief:** *Christopher A. Williams*, pro se.


APPEAL from the Franklin County Court of Common Pleas

SADLER, P.J.

{¶ 1} Defendant-appellant, Christopher A. Williams, appeals from a decision of the Franklin County Court of Common Pleas, which denied appellant's June 12, 2019 motion to vacate post-release control as moot. For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On September 25, 1997, a Franklin County Grand Jury indicted appellant on charges of aggravated robbery, a violation of R.C. 2911.01, a felony of the first degree; robbery, a violation of R.C. 2911.02, a felony of the second degree; assault on a peace officer, a violation of R.C. 2903.13, a felony of the fourth degree; and failure to comply, a violation of R.C. 2921.331, a felony of the fourth degree. On March 24, 1998, appellant, represented by counsel, entered a guilty plea to robbery and assault on a police officer. (May 18, 1998

Jgmt. Entry.)  On application of the prosecutor, the trial court ordered a nolle prosequi be entered for the remaining charges.  The trial court ordered and received a pre-sentence investigation.

{¶ 3}    On May 6, 1998, the trial court imposed a prison term of three years and post-release control.  The entry states the court notified appellant of "the applicable periods of post-release control pursuant to R.C. 2929.19(B)(3)(c)(d) and (e)."  (May 18, 1998 Jgmt. Entry at 2.)

{¶ 4}    On or about April 28, 2002, appellant was residing in a halfway house after violating the terms of his post-release control.  While in the halfway house, appellant was indicted in the Licking County Court of Common Pleas for aggravated murder, aggravated robbery, aggravated burglary, and escape.  The escape charge arose from appellant's unauthorized absence from the halfway house while on post-release control.  Appellant was found guilty by jury trial on all counts and was sentenced to serve a prison term of 20 years to life on Count 1; 10 years on Count 2; 10 years on Count 3; and 8 years on Count 4.  *State v. Williams*, Licking C.P. No. 04CR-219 (Mar. 30, 2005).  The trial court further ordered all four sentences be served consecutively with one another.  Appellant's conviction was later affirmed by the Fifth District Court of Appeals.  *State v. Williams*, 5th Dist. No. 05-CA-36, 2006-Ohio-1381.[1]

{¶ 5}    On June 12, 2019, over 20 years after conviction, appellant filed a motion to vacate his post-release control with the Franklin County Court of Common Pleas.  Appellant argued that his post-release control should be vacated because "he has been illegally placed on [post-release control] and indicted for escape from [post-release control], which is now known to be improper."  (June 12, 2019 Mot. to Vacate at 4.)  On June 20, 2019, plaintiff-appellee, State of Ohio, filed a combined motion to strike and memorandum in opposition to the motion arguing the matter was moot as appellant has completed post-release control, and appellant's motion amounted to a collateral attack on his escape conviction in Licking County.  A reply brief was filed on July 17, 2019.  On August 29, 2019, the trial court denied

---

[1] Appellant has filed four appeals originating out of the Licking County case.  *State v. Williams*, 5th Dist. No. 05-CA-36, 2006-Ohio-1381 (direct appeal); *State v. Williams*, 5th Dist. No. 08-CA-23, 2008-Ohio-6842 (postconviction petition denied); *State v. Williams*, 5th Dist. Licking No. 14-CA-13 (July 21, 2014) (dismissed appeal of denial of motion to vacate void sentence for lack of prosecution); and *State v. Williams*, 5th Dist. No. 14-CA-82, 2015-Ohio-1125 (affirmed modification of post-release control by the trial court).

the motion to vacate "as moot given that the Defendant has already served his [post-release control] period in this case." (Aug. 29, 2019 Decision & Entry at 1.)

{¶ 6} Appellant filed a timely appeal.

## II. ASSIGNMENT OF ERROR

{¶ 7} Appellant assigns the following as trial court error:

The Trial Court erred in finding the Appellants [sic] motion to vacate Post Release Control moot.

## III. LEGAL ANALYSIS

{¶ 8} In his sole assignment of error, appellant argues the trial court erred in denying his motion to vacate post-release control as moot. Appellant argues that because the previous term of post-release control was invalid, he suffered from a collateral disability when he was convicted of escape in Licking County. For the following reasons, we disagree.

{¶ 9} A case is deemed moot when the result provides no practical legal effect. *State v. Coogan*, 10th Dist. No. 18AP-829, 2019-Ohio-3016, ¶ 15, citing *Grove City v. Clark*, 10th Dist. No. 01AP-1369, 2002-Ohio-4549, ¶ 11. "The role of courts is to decide adversarial legal cases and to issue judgments that can be carried into effect." *Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, ¶ 9. A case is moot when it has "become fictitious, colorable, hypothetical, academic or dead. The distinguishing characteristic of such issues is that they involve no actual genuine, live controversy, the decision of which can definitely affect existing legal relations." (Citation omitted.) *In re Betsacon*, 10th Dist. 18AP-515, 2018-Ohio-5367, ¶ 13, quoting *State ex rel. Cincinnati Enquirer v. Hunter*, 141 Ohio St.3d 419, 2014-Ohio-5457, ¶ 4.

{¶ 10} Under Ohio law, " '[w]here a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction.' " *State v. Montavon*, 10th Dist. No. 12AP-631, 2013-Ohio-2009, ¶ 6, quoting *State v. Wilson*, 41 Ohio St.2d 236 (1975), syllabus. "However, because a person convicted of a felony has a 'substantial stake in the judgment of conviction' that survives satisfaction of the judgment, 'an appeal challenging a felony conviction is not moot even if the entire sentence has been satisfied before the matter is heard on appeal.' " *Montavon* at ¶ 6, quoting *State v. Golston*, 71 Ohio St.3d 224 (1994), syllabus. If a defendant has completed his term of incarceration

and is simply challenging the length of the sentence, there is no remedy that could benefit the defendant outside a reversal of the conviction. *State v. Jama*, 10th Dist. No. 17AP-569, 2018-Ohio-1274, ¶ 14.

{¶ 11} In the present case, appellant has served his entire sentence originating from the 1998 conviction. While appellant was convicted of multiple felony offenses, because he is not challenging the conviction, there is no actual legal controversy and appellant's motion is deemed moot. *Id.*

{¶ 12} Appellant argues the escape conviction constitutes a collateral disability because "Appellant has been enhanced for being on Post Release Control, and convicted for Escape from the halfway house resulting from Post Release Control, where the Appellant is serving an eight (8) years [sic] sentence." (Appellant's Brief at 5.) Appellant argues that because his sentence for post-release control was invalid, "this matter should be reversed and remanded to vacate Post Release Control." (Appellant's Brief at 6.)

{¶ 13} A collateral disability is "an adverse legal consequence of a conviction or judgment that survives despite the court's sentence having been satisfied or served." *In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, ¶ 10. " '[A] collateral legal disability implies a separate and distinct consequence from the original criminal prosecution, that is, there must be some other effect, adverse to the defendant beyond expected punishment for his current offense.' " (Citation omitted.) *State v. Smith*, 2d Dist. No. 27981, 2019-Ohio-3592, ¶ 12, quoting *State v. McCarty*, 2d Dist. No. 20581, 2005-Ohio-4031, ¶ 4. A collateral disability does not have to be immediately evident but could occur in the future. *Smith* at ¶ 12.

{¶ 14} After a review of the facts and applicable law, we find appellant's escape conviction does not constitute a collateral disability. Appellant failed to abide by the terms of post-release control and committed several new offenses wholly unrelated to the 1998 case in Franklin County. Appellant's behavior outside the law brought about the new charges, not his term of post-release control. To consider the escape conviction as a collateral disability of the original offense and allow appellant to collaterally attack the conviction would, in effect, reward offenders for subsequent offenses and punish offenders that choose to follow the law. *See Smith* at ¶ 15 (finding a subsequent indictment for a repeated violation of a civil stalking protection order was not a collateral disability).

{¶ 15} Finally, appellant argues he was subject to an unspecified term of post-release control and, as such, his escape conviction in Licking County is invalid. Appellee contends that any attack on the escape conviction must be brought in Licking County and argues that the holding in *State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, is inapplicable to the instant case. While appellant does not cite the case directly, *Billiter* considers several analogous issues to the present case. A brief review of the case is instructive.

{¶ 16} In *Billiter,* the defendant was convicted of aggravated burglary and domestic violence and sentenced to a term of imprisonment and post-release control. *Id.* at ¶ 2. While on post-release control, Billiter was charged and ultimately convicted of escape. *Id.* at ¶ 3. Several years later, Billiter filed a motion to vacate the escape conviction arguing the trial court had imposed up to three years of post-release control instead of five years. *Id.* at ¶ 5, 8. Like appellant, the *Billiter* defendant argued since the court's prior post-release control was void, his escape conviction was a legal nullity. *Id.* at ¶ 9. The trial court denied the motion, and the case was ultimately appealed to the Supreme Court of Ohio, which considered whether the defendant could challenge his guilty plea to the offense of escape on the grounds that his prior post-release control order was void. *Id.* at ¶ 8. The *Billiter* court concluded res judicata did not bar the defendant from filing his motion due to a prior post-release control sentencing error. *Id.* at ¶ 14. The court wrote that " '[a] sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack.' " *Id.* at ¶ 7, quoting *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph one of the syllabus.

{¶ 17} There are two critical distinctions between *Billiter* and the instant case. First, the defendant in *Billiter* filed a motion to vacate the escape conviction, not to vacate post-release control. Unlike the court in *Billiter*, we cannot reverse and remand this matter to the trial court to vacate post-release control since it has already been terminated. Second, the Franklin County trial court, unlike the county in *Billiter*, lacks jurisdiction to vacate the escape conviction. A court's jurisdiction is its "statutory or constitutional power to adjudicate the case." (Citations omitted.) *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11. A court's jurisdiction extends over the subject matter and person. *Id.* Any attempts to vacate the escape conviction must be brought in Licking County.

{¶ 18} Based on the foregoing, we agree with the trial court that appellant has already served his period of post-release control in this case, and appellant's motion to vacate post-release control is moot.

{¶ 19} Accordingly, appellant's sole assignment of error is overruled.

## IV. CONCLUSION

{¶ 20} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and BRUNNER, JJ., concur.

_____