[Cite as *State v. Glenn*, 2025-Ohio-1223.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| DONALD GLENN, | : | Case No. 24CA000035 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Guernsey County
Court of Common Pleas, Case No.
9729


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      April 3, 2025


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

No Appearance                    DONALD GLENN, Pro Se
#187-675
2500 Avon-Beldon Rd
Grafton, Ohio 44044

*Baldwin, P.J.*

**{¶1}** The appellant, Donald Glenn, appeals the October 23, 2024, judgment entry of the Guernsey County Court of Common Pleas, denying his petition for post-conviction relief. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND THE CASE

**{¶2}** The appellant was convicted in 1985 of one count of aggravated murder with a gun specification and one count of attempted murder with a gun specification. On August 21, 1984, he shot and killed a police lieutenant and shot and wounded a police sergeant. A three-judge panel sentenced the appellant to death.

**{¶3}** On February 19, 1987, on direct appeal, this Court reversed the trial court's imposition of the death penalty.

**{¶4}** On remand, the trial court sentenced the appellant to thirty years in prison on the aggravated murder charge and ten to twenty-five years in prison on the attempted murder charge with an additional three years on the gun specification. The sentences were to run consecutively.

**{¶5}** On June 18, 2007, the appellant filed a Motion to Vacate Sentence and Void Conviction.

**{¶6}** On September 13, 2007, the trial court denied the appellant's motion.

**{¶7}** The appellant filed an appeal, and this Court affirmed the trial court's judgment.

{¶8} On October 15, 2024, the appellant filed a Petition for Post-Conviction Relief pursuant to R.C. 2953.23.

{¶9} On October 16, 2024, the State filed its response to the appellant's petition.

{¶10} On October 23, 2024, the trial court denied the appellant's Petition for Post-Conviction Relief for lack of jurisdiction.

{¶11} The appellant filed a timely notice of appeal and herein raises the following sole assignment of error:

{¶12} "I. THE TRIAL COURT COMMITTED PLAIN ERROR IN DENYING THE PETITION WHEN THE TRIAL COURT HAD JURISDICTION TO ENTERTAIN SUCH AN ACTION AND SHOULD HAVE HELD AN EVIDENTIARY HEARING."

**I.**

{¶13} In the appellant's first assignment of error, the appellant argues the trial court erred by denying his Petition for Post-Conviction Relief without holding an evidentiary hearing. We disagree.

**STANDARD OF REVIEW**

{¶14} The decision to deny a petition for postconviction relief without holding an evidentiary hearing is left to the sound discretion of the trial court. *State v. Lichtenwalter*, 2021-Ohio-1394 (5th Dist.). An abuse of discretion means a decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983).

**ANALYSIS**

{¶15} R.C. 2953.21(A)(2)(a) states:

Except as otherwise provided in section 2953.23 of the Revised Code, a petition * * * shall be filed no later than three hundred sixty-five days

after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction[.]

**{¶16}** R.C. 2953.23 governs the trial court's jurisdiction on untimely petitions. R.C. 2953.23 states, in pertinent part:

(A)  Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1)  Both of the following apply:

(a)  Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b)  the petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

{¶17} The appellant concedes he filed this petition for post-conviction relief later than three hundred sixty-five days after the trial transcript was filed in the court of appeals as required by R.C. 2953.21(A). The appellant argues that this time period is irrelevant as he was convicted in 1984 when no such time restraint was in place. However, R.C. 2953.23 is triggered by the filing of a petition for post-conviction relief after the time period proscribed in R.C. 2953.21(A) or by filing a successive petition. *State v. Byrd*, 145 Ohio App.3d 318, 327 (1st Dist.2001). R.C. 2953.21(A) went into effect on September 21, 1995. A defendant who had been convicted prior to the enactment of the time restriction was given one year from the effective date to file a timely petition for post-conviction relief. *Id.* Accordingly, the time period expired on September 21, 1996.

{¶18} In post-conviction cases, a trial court has a gatekeeping role as to whether a defendant will receive a hearing. In *State v. Calhoun*, the Ohio Supreme Court held that a trial court could dismiss a petition for post-conviction relief without a hearing "where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun*, 1999-Ohio-102, paragraph two of the syllabus.

{¶19} In the case sub judice, the appellant argues that the trial court erred in finding it did not have jurisdiction to entertain his petition for post-conviction relief pursuant to R.C. 2953.23 without holding a hearing. The appellant did not timely file his petition for post-conviction relief in this matter. Thus, the appellant has the burden of proving that he was unavoidably prevented from discovering the facts upon which he must rely to present the claim for relief. The appellant claims that he did not know post-conviction relief was

available to him, not that he was prevented from learning the facts which form the basis of his petition. Additionally, the appellant claims that because his appellate counsel was the same as trial counsel, he was prevented from bringing an ineffective assistance of counsel; however, he never requested new counsel.

{¶20} Furthermore, the appellant's 2008 appeal of the trial court's denial of his Crim.R. 47 Motion to Vacate Sentence and Void Conviction was affirmed by this Court in 2009. In that opinion, this Court also analyzed his appeal under the post-conviction relief process. *State v. Glenn*, 2009-Ohio-375 (5th Dist.). Therefore, the appellant should have been aware of such relief more than fifteen years prior to the filing of his latest petition. Accordingly, we find the trial court did not abuse its discretion in failing to hold an evidentiary hearing before denying the appellant's Petition for Post-Conviction Relief.

{¶21} The appellant's sole assignment of error is overruled.

## CONCLUSION

{¶22} For the forgoing reasons, the judgment of the Court of Common Pleas of Guernsey County, Ohio, is hereby affirmed.

By: Baldwin, P.J.

Hoffman, J. and

King, J. concur.